DANIEL RAWLEY, Appellant, v. NATHAN R. BROWN, Respondent.

When the custody and possession of property is shown to be equally consistent with an outstanding title in a third person as with a title in the one having possession, no presumption of ownership arises simply from such possession.

Where A. cultivates the farm of B. with the farming implements, teams and domestic animals of the latter, no presumption arises as to the character of the occupation, or as to the right of either to the growing crops and farm produce ; but in an action where the question is at issue, it is a question of fact to be determined by the jury upon the evidence.

In an action to recover possession of certain property, the products of a farm, of which farm plaintiff was conceded to be the owner, defendant claimed title by virtue of a sale under an execution against plaintiff's son, who cultivated the farm, using the farming implements, teams and live stock belonging to his father. Plaintiff introduced in evidence a written instrument, executed by himself and son, by which the latter agreed to work the farm, the products to belong to plaintiff until he had

realized $600 therefrom, and until full performance of the agreement on the part of the son, the balance then to belong to the latter " as his pay in full for working said farm." It was claimed by defendant that the instrument was not executed at its date, but was " an instrument made as a device or fraud." The court charged that the son, being in possession and working the farm must be presumed, to be the owner of the products, unless it was shown that some lease was in existence; " that the fact that it was the plaintiff's farm would not make the products his, unless there was something tending to establish the fact that this lease is intended to establish." *Held*, error.

(Argued October 4, 1877; decided October 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order denying a motion for a new trial and directing judgment upon a verdict.

This action was brought to recover possession of a quantity of personal property, the products of a farm in Cortland county, which farm was owned by plaintiff, as were also the farming implements, the teams, and the live stock on the farm used in carrying it on.

The farm was worked by one James H. Rawley, the son of the plaintiff; defendant claimed title to the property in question as purchaser under sale on execution issued upon a judgment against said James H. Rawley. Plaintiff claimed that the farm was occupied by his son under the following agreement, which was given in evidence on the trial :

" This agreement, made the 1st day of March, 1874, between Daniel Rawley and James H. Rawley, is as follows : Said James H. Rawley agrees to work said Daniel Rawley's farm, situated in the town of Solon, county of Cortland, and State of New York, in a good husband-like manner, for the term of one year from the date of this agreement, for said Daniel Rawley.

" Said farm is furnished with twenty-two cows and some farming and dairy utensils, owned by said Daniel Rawley ; said James H. Rawley agrees to keep one cow and one horse for said Daniel Rawley, for his use during said year, and furnish said Daniel Rawley with one acre of ground to

plant; also a garden, and the use of four rows of apple trees on the north side of the old orchard, on said farm.

"Said James H. Rawley agrees to pay all taxes assessed against said farm during the year, and to keep said cows as good and in as good condition as they are at the commencement of the year, and in case of the loss of any of said cows, to replace them with others equally as good; and to furnish as much hay on the farm, at the end of the year, as is there at the beginning of said year.

"Said James H. Rawley is to have the use of one-half of the dwelling-house on said farm.

"All the butter and cheese and produce of said farm is to belong to the said Daniel Rawley until he shall sell or dispose of enough to amount to six hundred dollars, and until all the above agreements have been fulfilled. The balance of the avails of said farm (except as above reserved) is to belong to said James H. Rawley, and is his pay, in full, for working said farm, and for all he has agreed to perform by this agreement.

"Said James H. Rawley shall not sell or dispose of any of the butter, cheese, or produce, of said farm, until the said Daniel Rawley has disposed of enough to amount to six hundred dollars, as above stated.

> "DANIEL RAWLEY.   [L. S.]
> "JAMES H. RAWLEY."  [L. S.]

It was claimed, upon the part of the defendant, that this instrument was not executed at its date, but was made "as a device or fraud," and not in good faith. The sole question of fact submitted to the jury was as to the *bona fides* of this instrument.

The court charged the jury, among other things, as follows:

"Now, the plaintiff must satisfy you, in order to recover, that this instrument is what it purports to be; that it is a *bona fide* contract, and that it was the contract under which James H. Rawley went into possession of the farm, and went to producing the products—because, he being in possession of

and working the farm, and producing the products, he must be presumed to be the owner until it is shown that some lease is in existence. The fact that it was the plaintiff's farm would not make the products his, unless there was something tending to establish the fact that this lease is intended to establish."

To which plaintiff's counsel duly excepted.

Further facts appear in the opinion.

*M. M. Waters*, for appellant. The contract of plaintiff with James H. Rawley was one which constituted the relation of master and servant between them. (60 N. Y., 221; 6 Lans., 180; 45 Barb., 304; 3 Hill, 90.) The contract contained a condition precedent which prevented any title vesting in James H. Rawley until performance. (1 Seld., 44; 62 N. Y., 1, 3; 3 Metc., 17, 18; 2 Sandf. [S. C. R.], 418.) Plaintiff being the owner of the farm, was in law presumptively the possessor thereof. (*Frantz* v. *Ireland*, 66 Barb., 389; *Smith* v. *Burtis*, 6 J. R., 218; 1 Salk., 246; 2 Black. Com., 199.) There was no question of fact for the jury. (*Cole* v. *Mann*, 62 N. Y., 1; *Sheridan* v. *Mayor*, etc., 4 W'kly Dig., 28.)

*R. Champlin*, for respondent. The jury had the right to utterly discredit and reject the testimony of plaintiff and James Rawley. (*Sheridan* v. *Mayor*, etc., 18 How., 424; *Elwood* v. *W. Un. Tel. Co.*, 45 N. Y., 549, 554.) Possession of personal property is *prima facie* evidence of title. (*Fish* v. *Skeel*, 21 Barb., 333, 334; 1 Greenl. Ev., § 34; *Doneharl* v. *Wilson*, 15 Barb., 595; *Wilber* v. *Disson*, 53 id., 262.)

ALLEN, J. It was assumed, and not denied upon the trial, that the farm, the products of which were the subject of the litigation, was owned by the plaintiff. The judge at Circuit on being asked to charge the jury, among other things, "that the proof is that the farm is, and was, the farm of

Daniel Rawley, and that that fact is undisputed," replied, " That is so ; the proof, so far as it goes, is to that effect." The case was submitted to the jury upon that theory, and all the instructions to them were based upon the plaintiff's ownership of the farm.

The verdict passed against the plaintiff upon the sole ground that the lease or agreement put in evidence by the plaintiff, as that under which his son, James H. Rawley, occupied and worked the farm, was not executed at its date ; was not that under which his son carried on the farm, but was " an instrument made as a device or fraud," and "not made in good faith." That was the only question of fact submitted to the jury. This being found adversely to the plaintiff, and that the agreement under which the son was on the farm was not proved, the verdict was necessarily for the defendant under the further instruction, to which there was an exception ; that the son, James H. Rawley, being in possession of and working the farm, must be presumed to be the owner of the products until it was shown that some lease was in existence; that the fact that it was the plaintiff's farm would not make the products his, unless there was something tending to establish the fact that his lease was intended to establish. Possession of property alone and without explanation, is evidence of ownership ; but is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner.

If the custody and possession is shown to be equally consistent with an outstanding ownership in a third person, as with a title in the one having the possession, no presumption of ownership arises solely from such possession. The law raises no presumption as to the character of the occupation of one cultivating the farm of another with the instruments of husbandry, beasts of the plough, teams and domestic animals of the owner of the farm, or as to the right of either to the growing crops and products of the farm, but leaves it a question of fact, to be determined by a jury upon the evi-

dence and all the circumstances of the case. It does not assume to determine by any fixed and certain rule of presumption, without evidence, the relation existing between the owner of agricultural lands and a temporary occupant thereof, and to whom or in what proportion the products belong, either when growing or on being harvested. Courts cannot, as matter of law, declare such relations and adjudge the title to the crops in the one or the other. There is no such general prevalence of one relation between the landowner and the laborer over every other relation that may exist, as to justify the presumption either of fact or of law that such relation and no other exists in a particular instance, when there is no evidence in aid of the mere fact that one man owns and another works the land. The relations that may exist under such circumstances are various and of frequent occurrence, and the title to the products of the farm and the labor are different in all, and in each may be varied by the convention of the parties. The relation may be that of lessee and lessor, with or without a lien in favor of the landlord upon the crops for the rent; it may be that of master and servant, the occupant being the laborer and hired servant of the owner, and the naked custodian of the products, his possession being that of the owner; or the crops may be raised for the joint benefit of both, one contributing his labor and the other giving up his land for their production, each sharing in such proportions as may be prescribed by the agreement. It follows that the isolated fact that one is upon agricultural lands, and working them with the assent of the owner and with his teams and implements, and raising crops, is no evidence that the products on the farm and thus in his actual custody, belong to him as owner, and not to the owner of the farm. The learned judge, therefore, erred in directing a verdict for the defendant upon this assumed legal presumption; if the jury should find that the agreement under which the son occupied the farm, and the resulting relations between him and his father, the plaintiff, in respect of the lands, was not proved. The evidence was

very slight, if indeed there was any, to impeach the agreement produced by the plaintiff as that under which the son cultivated the farm, or that it was not made at its date, and before the commencement of the term agreed upon. The circumstance of most force relied upon to impeach the instrument, was that the son had, on the trial of an action to which he was, and the plaintiff was not a party, failed to produce the contract, and testified that he was working the farm for his father, and as his hired man. The plaintiff was not bound by this statement, as it was made under circumstances where he could not, if untrue, contradict or explain it. But there is color for this interpretation of the agreement. It provides that the father shall take of the products of the dairy and farm sufficient to pay himself six hundred dollars, and secure the performance of all the covenants of the son, and that the balance of the avails was to belong to the son, and to be "his payment in full for working said farm, and for all that he has agreed to perform by this agreement." A question of fraud was raised, but upon what it was predicated is not very clear.

If the son had been the owner of the property at any time, and had conveyed it to his father, such a question might have arisen. But if the father was from the first the owner of the property, as seems to have been conceded, he had a right to do with it as he pleased. His son, or his son's creditors had no claim to it; and whether the arrangement between the father and son was more or less favorable to the creditors of the latter, was not material as giving color to a charge of fraud. The plaintiff did not imperil his property, or expose it to the claims of the creditors of the son, if it should be conceded that he purposely made the contract so that after reserving to himself such benefits as he deemed proper, he had sought to secure the support of the son and his family from the residue. But, in the view taken, it is not necessary to decide whether there was evidence to impeach the contract to be submitted to the jury.

For the error suggested, the judgment must be reversed and a new trial granted.

All concur, except FOLGER, RAPALLO and MILLER, JJ., absent.

Judgment reversed.