## KAUIMAKAOLE LAZARUS *v.* JOSEPH O. CARTER.

APPEAL ON POINTS OF LAW FROM DISTRICT COURT OF HONOLULU.

SUBMITTED OCTOBER 1, 1898.       DECIDED OCTOBER 12, 1898.

JUDD, C.J., WHITING, J., AND L. A. DICKEY, ESQ., OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

In an action of replevin plaintiff claimed certain chattels alleging them to be hers, unlawfully detained by defendant. Defendant in a special plea says that he is executor of the will of one Eleazar Lazarus, deceased; that the testator devised the property sued for to certain minor devisees of whom defendant is guardian, and that as such executor defendant came into possession of the property which he now retains, and submits that he is not liable to suit therefor until the expiration of six months after probate of the will, which time has not yet expired. The District Magistrate sustained the plea and gave judgment for defendant. The plaintiff appealed on the point of law that her claim is against the defendant as an individual and not against the estate for which defendant is executor, and he is liable if at all in his individual capacity.

Held, that as the defendant's plea does not deny that the property was plaintiff's or assert that it was assets of his testator, it admits that the property was plaintiff's and that it is wrongfully detained by defendant. Hence defendant cannot assert his statutory exemption as executor from suit.

If the property is not assets of defendant's testator, he as executor has no authority over it and he is liable as an individual for wrongfully retaining it.

Plea overruled.

OPINION OF THE COURT BY L. A. DICKEY, ESQ.

This is an appeal on points of law from a judgment of the District Magistrate of Honolulu in an action of replevin. De-

fendant filed a special plea alleging that he was executor of the will of one Eleazar Lazarus, deceased; that by said will which was admitted to probate June 13, 1898, said decedent devised the property sued for to certain devisees and appointed defendant their guardian; that as such executor defendant came into possession of said property and retained same; and defendant claimed that, being lawfully in possession of said property as executor, this action of replevin could not be brought under the law for said property until the expiration of six calendar months after the probate of said will which time has not expired. The District Magistrate sustained this plea and gave judgment for defendant.

Plaintiff appeals to this court from this judgment on the points of law "that the defendant is liable if at all in his individual capacity to the plaintiff and not as executor" and "that the claim of the plaintiff is against the defendant as an individual and not against the estate for which the defendant is the executor."

Defendant's plea is unverified, and the record shows no evidence given before the District Magistrate nor any admission of fact by counsel upon which the judgment for defendant could be based, but as no objection to the judgment is made on this ground and the facts are admitted by counsel for plaintiff except the lawfulness of the possession of the defendant as stated in the plea, we will treat the plea as though proved.

The suit is properly brought against the defendant in his private capacity. Wells on Replevin, Sec. 276; Cobbey on Replevin, Sec. 432. As executor he has rights only over what belongs to the estate and the fact that Eleazar Lazarus treated the property as his own in his will is not conclusive that it is part of the assets of his estate in defendant's hands as executor. If the property did not belong to Eleazar Lazarus, the executor has no right to it, and his right as executor to be in no case liable to suit until the expiration of six calendar months after probate, except in causes of rejected claims, gives him no rights over property not belonging to the estate.

It follows that in this suit against defendant personally, before he can have exemption from suit as an executor of the will of Eleazar Lazarus, it must be shown that this property is part of the testator's estate. The plea of defendant does not deny that plaintiff is owner of the property sued for and as such entitled to possession, but relies entirely on the statute (Act 37, Sec. 3, Laws of 1898) providing that "Executors * * * shall in no case be liable to suit until the expiration of six calendar months after probate * * * except in cases of rejected claims. * * * " By not denying these facts the defendant admits the same. The unlawful detention is a wrong and he cannot set up that he did such unlawful act in his capacity as executor and thus avoid being sued in an individual capacity. See *Martz v. Putnam*, 117 Ind. 394.

The judgment of the District Magistrate is set aside and the case remitted to him with directions to overrule defendant's plea.

*J. T. De Bolt* for plaintiff.

*E. B. McClanahan* for defendant.