# Vines v. Vandegrift & Sons.

*Trover and Case.*

(Decided April 15, 1915.    68 South. 280.)

1. *Property; Ownership; Presumption.*—Possession of property without explanation as to ownership is merely presumptive evidence of ownership which may be overcome by evidence showing the character of the possession.

2. *Same.*—Acts of dominion and control over property furnishes a presumption that the possessor has title thereto, but the presumption is rebuttable.

3. *Witnesses; Contradiction.*—Where a witness stated that the property belonged to the plaintiff, he could be contradicted by the introduction of a mortgage upon the property made by the defendant

in execution, the action being for wrongful levy and sale of plaintiff's property under execution.

4. *Execution; Wrongful Levy; Ownership.*—In an action for the wrongful levy and sale of plaintiff's property under execution against another, evidence that the execution defendant stated that he did not own the property was sufficient to overcome the presumption that he owned it, and being uncontradicted, required a verdict to be directed for the plaintiff.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by L. V. Vines against Vandegrift & Son, for the wrongful taking and conversion of property under execution against another. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under the act creating said court.

ESTES, JONES & WELCH, for appellant.

STRANGE & STRANGE, for appellee.

McCLELLAN, J.—This action, instituted by the appellant against the appellee, is for damages alleged to have been suffered by the appellant in consequence of the wrongful taking or the conversion of property of the appellant because of wrongful levy upon and sale thereof under an execution issued to enforce a money judgment in favor of the appellees, in an action by the appellees against one Ben Vines. The mentioned levy and sale of the property described in this action was affirmatively directed by the appellees (plaintiffs in that judgment) and was induced by an indemnity bond executed by the plaintiffs in that judgment. The only really litigable question was one of fact, viz., whether the property described in the complaint in this action was the property of Ben Vines, and hence subject to the levy and sale, or was it the property of L. V. Vines,

this appellant. The appellant's theory and contention was and is that the property was his own, and that Ben Vines was merely a tenant or bailee, in possession for appellant.

(1, 2) "Possession of property alone and without explanation is evidence of ownership; but it is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner."—*Rawley v. Brown*, 71 N. Y. 85, 89; *Hobbs v. Bibb*, 2 Stew. 54, 61, 62; 12 Ency. of Evi. 539-41; Jones on evidence (2d Ed.) § 74. Acts evincing dominion and control over property—acts which treat the property in a way which one not the owner would be unlikely to treat it, such as executing mortgages on it, paying taxes, or insuring it—furnish a basis for a rebuttable presumption that such an one has title to the property.—12 Enyc. of Evi. 541, 542; *Shum v. Claghorn*, 69 Vt. 45, 50, 37 Atl. 236; Jones on Evi., supra; *Stanley v. Gaylord*, 10 Metc. (Mass.) 82, 85, 86; *Downey v. Arnold*, 87 Ill. App. 91, 92.

(3) It would seem that the mortgage purporting to have been executed by Ben Vines to the Donahoo Mule Company, as well as evidence of its execution by Ben Vines, might have been properly admitted to the jury on the issue of ownership vel non of the property thus mortgaged. But this matter of evidence was only received for the limited purpose of impeaching or contradicting the witness Ben Vines, who had testified that the property mortgaged to the mule company belonged to the appellant This act of giving the mortgage was the equivalent of a contradictory statement or declaration by Ben Vines as to the ownership of the property mortgaged at a time when it was in his possession. There was no error in this connection.

The certification by the clerk of the judgment, etc., against Ben Vines, made with the view to its registration in the probate office, and upon its filing placing a lien for its satisfaction upon the leviable property of Ben Vines, was admissible in evidence.—Code, §§ 4156-4159. So, also, there was no error in that part of the court's oral charge having reference to the lien prescribed by the statutes last noted.

(4) But the court did err, on the evidence before it, in refusing the general affirmative charge requested for the plaintiff. The prima facie presumption indulged, as stated, by the law upon evidence of possession was entirely overturned by the undisputed explanatory evidence legally before the court. The act of giving the mortgage to the mule company was not before the court as substantive evidence, but only for the purpose of reflecting upon the testimony of the witness Ben Vines.

For the error in refusing the affirmative charge on the record as now presented, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.