# Sewell *v.* Sewell, Admx.

### Assumpsit.

(Decided February 8, 1917. 74 South. 343.)

1. **Executors and Administrators; Action by; Admissibility of Evidence.** —Where, upon a son's death, the father took possession of money found in his possession and disposed of part of it to certain persons, in action by son's administratrix to recover it, it was error to refuse to allow the father to show that the money actually belonged to such persons.

2. **Property; Evidence as to Title; Possession.**—Possession of property alone and without explanation is presumptive evidence of ownership, which may be overcome by other evidence.

3. **Executors and Administrators; Property Found in Decedent's Possession; Presumption.**—Personal property found in decedent's possession or under his control at time of death is presumed to belong to him, but this presumption is rebuttable.

4. **Executors and Administrators; Action by; Admissibility of Evidence.** —In action by administrator to recover money found in decedent's possession and taken by his father, it was proper to permit the father to show that part of the money was used in paying funeral expenses.

5. **Executors and Administrators; Assets; Expense of Last Sickness.**—In view of Code 1907, §§ 2597, 2598, providing that expenses of last sickness are preferred claims against an estate, but that no preference will be given among debts of same class, if amount found in son's possession taken by

:father, part of which was paid for physicians summoned before it was known the son was dead, was reasonable and necessary, and other preferred claims would not be prejudiced thereby, the father was entitled to such deduction.

APPEAL from Lawrence Circuit Court.

Heard before Hon. R. C. BRICKELL.

Assumpsit by Lattie Sewell, as administratrix of Lee Sewell, against J. W. Sewell. Judgment for the plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

J. M. IRWIN and SAMPLE & KIRKPATRICK for appellant. CHENAULT & DOWNING for appellee.

McCLELLAN, J.— (1-4) Lee Sewell, appellee's intestate, met a tragic death. On his person, at the time of his death, was about $165 in money. His father (appellant) took it into his possession. Later, and before a personal representative was appointed, the father disposed of a part of this money in a manner he sought to disclose through testimony serviceable for the purpose. He proposed to show that $115 of this money really belonged to Joe Sewell, who had, that day, commissioned intestate to carry and deliver it to Mr. Puckett at Hartselle, to which place intestate was en route when he was killed; that $5 of the amount in the possession of intestate was money really belonging to appellant, also delivered to intestate for a particular purpose, and that $7.50 of the fund taken from intestate's person was used by the defendant to pay physicians who were summoned to attend intestate and who were on the way when advised that intestate had died. The court refused to permit the defendant to make the proof indicated, though the court did permit the defendant, quite properly, to show that approximately $46 of the money was used by the defendant in purchasing a coffin and in paying the funeral expenses for the burial of plaintiff's intestate. "Possession of property alone and without explanation is evidence of ownership; but it is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner."—*Vines v. Vandegrift*, 192 Ala. 351, 353, 68 South. 280; 16 Cyc. p. 1074. Personal property found in one's possession or under his dominion and control at the time of his

death is presumed to belong to him and to constitute assets of his estate; but this presumption is of course rebuttable by evidence appropriate and competent to show that such property did not belong to the decedent and was not an asset of his estate.— 18 Cyc. p. 193. The court was in error in not permitting defendant to show, by legal evidence, that the $115 and the $5 was not the property of Lee Sewell.

(5) The expenses of the last sickness of a decedent are made preferred claims against his estate by Code, § 2597; but no preference among debts of the same class will be given in the course of administration.—Code, § 2598. If the charge made by and paid to the physicians was shown to be reasonable, and there appeared to be, at the time they were summoned, a reasonable necessity for the presence of physicians in reasonable number, and the other preferred demands against the estate of the intestate would not be prejudiced, in respect of preference, by allowing and crediting the defendant with the sums so paid by him to the physicians, then this defendant was entitled to have that sum deducted from any liability on account of the reception by him of the money he took from the person of the intestate.

For the errors committed in refusing to permit the defendant to make the proof indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.