## SUMNER S. PAXSON *v.* SCHUMAN CARRIAGE COMPANY, LIMITED, AND GUSTAVE SCHUMAN.

### No. 1234.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.

ARGUED DECEMBER 28, 1920.          DECIDED JANUARY 17, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

REPLEVIN—*evidence—possession.*

When it appears that from the time plaintiff claims to have acquired title to the property in controversy from the defendant, he has had possession of said property, it is proper to show the attitude of both himself and the defendants toward that possession.

SAME—*parties defendant—joinder of principal and agent.*

An agent or servant of a corporation may be joined with the corporation in replevin even though all that he did in the way of taking and detaining the property was merely as the agent and servant of the corporation.

TRIAL—*verdict—correction of errors.*

Where the jury attempts to return a verdict for an amount greater than is justified by the undisputed evidence it is proper for the court to refuse to receive the verdict and instruct the jury to retire and correct its verdict so as to conform to the uncontradicted evidence to which he calls its attention.

#### OPINION OF THE COURT BY KEMP, J.

Sumner S. Paxson commenced this action of replevin in the circuit court against Schuman Carriage Company, Limited, and Gustave Schuman for the restitution of "that certain Hudson automobile registered under the provisions of ordinances numbers eleven and seventy-one of the City and County of Honolulu and the amendments thereto, as automobile number 3055, which said automobile is of the value of $2000.00," or in the alternative in

case restitution cannot be had, for damages in the sum of $2000. The defendants filed a joint answer in which they deny each and every, and all and singular the allegations in plaintiff's complaint contained. Trial was had before a jury which resulted in a verdict in favor of plaintiff against both defendants for the restitution of the automobile in question or in the event restitution cannot be had for the sum of $1400, and the defendants come to this court on exceptions.

A brief statement of the controversy as disclosed by the evidence will help to understand the questions raised by the exceptions. The plaintiff was from 1913 to February 1918 vice-president and manager or assistant manager of the defendant company and the defendant Gustave Schuman was president, principal stockholder and general manager of the defendant company. The defendant company is and has been for several years an Hawaiian corporation engaged principally in the business of buying and selling new and used automobiles. In the early part of 1917 the defendant company acquired title to the automobile in question in a badly wrecked condition from J. A. Kennedy by taking it as part payment for a new one. As to the above facts there does not appear to be any controversy except possibly as to the relation of the plaintiff to the defendant company it not being altogether clear as to whether he was manager of the company's business or only assistant manager thereof. It is clear, however, that whatever his position his authority was subordinate to that of the defendant Gustave Schuman. The plaintiff claims that he acquired title to said wrecked automobile from the defendant company immediately following the acquisition of it by said company by virtue of an oral agreement between himself and said Gustave Schuman acting for the defendant company, by the terms of which plaintiff was to take over

the automobile in its wrecked condition, repair it at his own expense and thereafter use it in the business instead of using, as had been his practice, cars new and used owned by the company and kept for sale.  The plaintiff detailed the transaction between himself and Mr. Schuman by which he claims to have acquired the title and Mr. Schuman denied that any such transaction took place. In February 1918 the defendant company, acting through the defendant Gustave Schuman, discharged the plaintiff, seized the automobile in question, locked it up and has since retained possession of it.  After demand made upon both defendants for its delivery plaintiff commenced this suit.

The plaintiff was permitted over the objection of defendants to prove various acts of himself and others toward the automobile in question for the purpose of corroborating his claim of ownership and many of the exceptions now urged relate to the ruling of the court in permitting such proof.  For instance, the plaintiff was permitted to show that the defendant company did not include this automobile in its inventory of property on hand December 31, 1917; that plaintiff had it registered under the City and County ordinances and the taxes paid in his own name for the years 1917 and 1918; that the defendant company had a dealer's number under the City and County ordinance which was for use on stock cars and not used on this car; that plaintiff's wife used the car for her private business or pleasure quite often both during business hours and at other times as well as many other facts which would tend to show that plaintiff was using the car as would the owner and to show that all these acts were within the knowledge of Mr. Schuman the president and general manager of the defendant company.

Counsel for defendants has cited *Rawley* v. *Brown*, 71 N. Y. 85, in support of his contention that evidence of

possession by plaintiff and his wife was inadmissible. The argument is that the use of the automobile in their social and business duties could not have vested the title or right to possession thereof in plaintiff and that the evidence tended to confuse and cloud the issues. The case cited holds that possession of property alone and without explanation is evidence of ownership but is the lowest species of evidence and liable to be overcome by evidence showing the character of the possession and that it is not necessarily as owner. This seems to us to be sufficient authority to refute the contention that such evidence was inadmissible. No one has contended in this case, as was done in the New York case, that possession raised a presumption of ownership where the possession is shown to be equally consistent with title in some one else as with title in the person having possession. In this case it was shown that since the time plaintiff claims to have acquired title to the automobile in question and until it was seized as stated above he had been in possession of it almost if not entirely to the exclusion of defendants. Under these circumstances it was certainly competent for him to show the attitude of both himself and the defendants toward that possession.

The defendants also complain of the action of the court in permitting plaintiff to read ordinances of the City and County of Honolulu in evidence, the principal objection being that they were not properly pleaded. The only mention of these ordinances contained in the pleading is in the description of the automobile involved where they are referred to by number only. The plaintiff did not claim title by virtue of anything contained in the ordinances but they were referred to as the ordinances under which the automobile was registered for the purpose of identification and for the purpose of showing that there are two classes of registration, one for private own-

ers and one for dealers. Having read the ordinances in evidence the plaintiff then showed that he had caused the automobile to be registered under the provisions of the ordinance for the registration of cars of private owners as an act of ownership known by defendants and not objected to. Under these circumstances we do not think it was incumbent upon the plaintiff to plead the contents of the ordinances. Proof of the ordinances was preliminary to the proof that he had caused the automobile in question to be registered under the provisions applicable to privately owned automobiles.

Under another group of exceptions the contention is made that the verdict is contrary to the law and the evidence and to the weight of the evidence. By their motions for nonsuit and directed verdict these questions in various forms were raised. One of the contentions is that plaintiff's evidence, if true, shows an attempted gift of the automobile in question to the plaintiff by the defendant company and that said company being a trading corporation is without authority to make a gift of its property and the attempted gift was therefore *ultra vires*. This argument is based entirely upon the answer of plaintiff to three questions on cross examination. After having testified to all that was said by himself and by Mr. Schuman relied upon as constituting the contract or agreement he was asked: "Q. And you claim the Schuman Carriage Co. made you a gift of this car? A. Yes I claim they did. Q. It was a gift from the Schuman Carriage Co. to you? A. Yes. Q. And you claim you took it and received it as such? A. I did." The transaction which plaintiff had theretofore detailed could not properly be considered as evidencing a gift. According to his statement of the transaction there was clearly a good consideration for the transfer of title. He had been using both new and used cars belonging to the company in the discharge of his

duties to the company, which was not satisfactory to the company, and in order to stop this practice the company, acting through its president and general manager, agreed that he take the wrecked car as his property, repair it at his own expense and thereafter use it instead of using cars belonging to the company. Defendants met this evidence by denying that any such agreement was made. Under this state of facts it was not for the plaintiff to say whether the transaction did or did not constitute a gift and his statement that he so considered it does not make it so.

It is further contended that the evidence in behalf of plaintiff at most shows a conditional gift or sale, the condition being that plaintiff pay for the repairs to the wrecked automobile and since the evidence does not show that he has paid for such repairs the title to the automobile never passed to him. The court instructed the jury in effect that if the defendant company turned the automobile over to plaintiff under the circumstances testified to by him, with the intention that it should thereafter be plaintiff's but that plaintiff has not paid for the repairs made thereon in the shop of the defendant company, the plaintiff under such circumstances became the owner of such automobile and the payment for repairs is a matter of independent adjustment between plaintiff and defendant company. The court also instructed the jury in effect at the request of defendants that if it believed from the evidence that the defendant company merely allowed the plaintiff to use and possess the automobile in question while associated in business with said company and did not intend any title in the same should vest in or pass to plaintiff then to find for the defendants. We are unable to see how the defendants could have been given fuller advantage of their claim in this respect. The whole matter was submitted to the jury under proper instructions

and upon ample evidence and the jury found against them.

Counsel urge that there was a ·misjoinder of parties defendant. The evidence shows unmistakably that whatever the defendant Gustave Schuman did in the way of taking and detaining the property was merely as the agent and servant of the Schuman Carriage Company, Limited, and not in his own behalf or on his own account and counsel contend that he was therefore improperly joined in this action. In *Hewitt* v. *Watertown Steam Engine Co.,* 65 Ill. Ap. 153, 160, the same contention was made under like circumstances. The court in that case said: "It is suggested in the brief that appellant Hewitt was not properly made a defendant, and that he was entitled to a verdict on the pleas of *non cepit* and *non detinet,* because what he did in the way of taking and detaining the property was merely as the agent and servant of the Davies Coal Company, and not in his own behalf or on his own account. The act was tortious and was avowed by him as well as by the company of which he was the representative. We see no reason why the servant may not be joined with the company in replevin as well as in trover or trespass, or case for a tort committed by him in the course of his service to the company." See *Lazarus* v. *Carter,* 11 Haw. 541.

The jury attempted to return a verdict in favor of plaintiff and against both defendants for the restitution of the automobile and in the alternative for $1620 damages. The court refused to receive this verdict and instructed the jury to reform it so as to bring the amount thereof within the evidence, which was done by reducing the alternative damages to $1400. This action of the court was excepted to by defendants. The action of the court was proper. The verdict which the jury attempted to return was improper being for an amount greater than

the highest value placed upon the automobile by the evidence.    The court was not only justified in refusing to receive the verdict for $1620 but properly instructed the jury to retire and make a change in the amount of the value not to exceed $1400.    The evidence of Mr. Paxson, and the only evidence in the case on that point, was that it was only $1350 or $1400.    The corrected instruction dealt only with value.    The evidence being undisputed the court was authorized to call the attention of the jury to the evidence as it could have done, and no doubt would have done, in the first instance, had an instruction on that point been requested.

While we have not discussed all of the forty-eight exceptions we have considered them all and find them without merit.    The exceptions are therefore overruled.

*E. C. Peters* (*Peters & Smith* on the brief) for plaintiff.

*C. S. Davis* and *C. H. Olson* (*Brown, Cristy & Davis* and *Robertson, Castle & Olson* on the brief) for defendants.