MOORE, Judge,
concurring in part and dissenting in part.
Based on Ex parte Walters, 580 So.2d 1352, 1355 (Ala.1991), a trial court may award attorney’s fees despite a specific waiver of the right to seek attorney’s fees in an antenuptial agreement if the trial court finds that it is unjust or inequitable to enforce the waiver. In this case, the Cullman Circuit Court (“the trial court”) made some findings of fact in its judgment, but, as the main opinion recognizes, it awarded attorney’s fees to Darlene Marie Hogan (“the wife”) “without explanation,” 199 So.3d at 52, i.e., without making any findings of fact to explain why it awarded the wife attorney’s fees, When a trial court in a nonjury case does not make findings of fact to support an award made in its judgment, this court must assume that it impliedly made those findings necessary to sustain its judgment. See Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996). According to the law, this court must assume that the trial court in this case found that it would be unjust or inequitable to enforce the parties’ antenuptial agreement, which otherwise unambiguously precluded an award of attorney’s fees.
In' his' appellate brief to this court, Randall Hogan (“the husband”) argues as follows:
“[BJased on the complete lack of evidence or testimony showing that enforcement of the parties’ pre-nuptial *59 agreement would be inequitable and unjust, there is absolutely no way that the trial couii; could have made the findings necessary to support an award of attorney fees to [the wife].”
In other words, the husband argues that the trial court did not have sufficient evidence before it to support its award of attorney’s fees. The main opinion agrees, holding that “[t]here is no evidence to support a finding [that it would be unjust or inequitable to enforce the wife’s waiver of the claim for attorney’s fees], to the extent such a finding can be implied in the judgment,” 199 So.3d at 53, and that “it defies logic for the court to assume that the trial court impliedly made those findings of fact necessary to sustain its judgment when the trial court had no evidence as to this issue before it.” 199 So.3d at 53 (emphasis added).
This court may reverse a judgment based on implied findings that are clearly erroneous because they are not supported by any evidence. Ex parte Bryowsky, supra. However, before this court can even address the alleged lack of evidence to support a trial court’s judgment, that question must be preserved for appellate review. In New Properties, LLC v. Stewart, 905 So.2d 797, 801-02 (Ala.2004), the supreme court explained that, in a nonjury case in which a trial court fails to enter express findings of fact explaining the basis for an award, a party asserting that sufficient evidence does not support the award must file a postjudgment motion in order to give the trial court an opportunity to review the evidence and to correct any error in its judgment. If the party does not file a postjudgment motion directed to that point, that party is precluded from raising the issue on appeal. The husband did not file a postjudgment motion in this case raising the lack-of-evidence argument he now makes to this court. Thus, the main opinion errs in addressing the argument and in reversing the judgment based on a lack of evidence, so I dissent from that portion of the main opinion.
I also dissent from that part of the main opinion addressing the husband’s arguments that the trial court erred in ordering him to reimburse the wife $3,536 in health-insurance premiums. Although the parties clearly tried the issue whether the husband should repay the wife for covering him on her health insurance after they informally separated, the husband never argued, as he now does, that any repayment would violate the parties’ antenuptial agreement; he argued only that he had already indirectly reimbursed the wife by paying some of her living expenses. After the trial court entered its judgment awarding the wife $3,536, the entire amount of the health-insurance premiums paid by the wife during the parties’ separation, the husband did not argue that he actually owed only that portion of the premiums payable for dependent coverage, an argument he raises for the first time in this court. An appellate court cannot consider arguments raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Therefore, the main opinion errs in reversing the judgment on grounds upon which the trial court never considered or ruled upon. Furthermore, I do not join in any aspect of the main opinion that implies that the reimbursement would constitute some form of alimony,
I also dissent as to the main opinion’s reversal of that part of the judgment awarding the dogs to the wife. Under applicable Alabama law, a dog is considered property, presumably of the person possessing it. Placey v. Placey, 51 So.3d 374, 378-79 (Ala.Civ.App.2010). However, the presumption of ownership of property based on possession is “ ‘liable to be over *60 come by any evidence showing the character of the possession, and that it is not necessarily as owner.’ ” Vines v. Vandergrift & Son, 192 Ala. 351, 353, 68 So. 280, 280 (1915) (quoting Rawley v. Brown, 71 N.Y. 85, 89 (1877)). In this case, the trial court stated in its judgment that the dogs were the property of the wife that was “still at [the husband’s] home” and that she “had not been able to retrieve.” Substantial evidence in the record, although somewhat conflicting, supports that factual determination.' Thus, I believe the trial court correctly found that the wife rebutted the presumption of ownership based on the husband’s possession of the dogs.
Finally, I agree with the main opinion that this court cannot address the husband’s argument that the trial court erred in reassigning this case to a district-court judge following the recusal of the circuit judges in this case.