# Gayle's Adm'r *v.* Johnston.

*Application by Administrator for Order to sell Lands for Payment of Debts.*

1. *Plea of statute of limitations of three years.*—A plea of the statute of limitations of three years must aver that the demand sued on is an open account, and the omission of this averment makes the plea demurrable; but this rule of pleading is not applicable to a proceeding in the Probate Court, where an administrator files a petition asking an order to sell lands for the payment of debts, and the defense is set up that the debts asserted against the estate are barred by the statute of limitations.

2. *Petition to sell lands for payment of debts; pleadings and defenses.* In a proceeding before the Probate Court for an order to sell lands for the payment of debts, the technical rules of pleading can not be strictly applied. It is not necessary that the petition should particularly describe the debts, to the payment of which the lands are sought to be subjected; the answer of the heir or devisee, denying the existence of the asserted debts, may be in terms equally general; and on the issue thus formed, the burden of proof being on the administrator, if the debts proved are open to any legal defense, which could be available against an action by the creditor, that defense is equally available to the heir or devisee.

3. *Open account.*—A demand arising out of contract, the terms of which have not been agreed on between the parties, whether it consists of one item or more, is an open account, within the bar of the statute of limitations of three years; so, also, is a demand for personal or professional services rendered, the value of which can only be recovered on a *quantum meruit;* but a claim for money paid on request, under circumstances from which the law implies a promise to repay, is not an open account.

4. *Same; professional services of physician.*—A demand for professional services as a physician, rendered to the intestate in his life-time, is an open account, when the value of the services was not agreed on between the parties; and the frequent expressions and declarations of the intestate, showing an anxiety that the claim should be paid, but not admitting an indebtedness in any particular sum, can not change the character of the demand.

5. *Same; burial expenses.*—Burial expenses of the decedent, which necessarily devolve on his friends and relations before the grant of administration, are regarded as money paid on the request of the personal representative, and the law implies a promise on his part to repay it; and a claim for such expenses, so paid, is not an open account.

6. *Parties to proceeding; appointment of administrator ad litem.*—On an application by an administrator for an order to sell lands for the payment of debts, which is contested by the heirs or devisees, the administrator is their adversary, whether he is personally a creditor or not; and

Vol. LXXII.

there can be no necessity for the appointment of a special administrator *ad litem* (Code, § 2625).

APPEAL from the Probate Court of Dallas.

Tried before the Hon. P. G. WOOD.

In the matter of the petition of Anna M. Gayle, as the administratrix of the estate of Lou Reese Gayle, deceased, for an order to sell lands for the payment of debts. The petition was filed on the 18th August, 1881, and alleged, "that said decedent died intestate; that the personal property of the estate is insufficient to pay the debts thereof; that the lands of said estate, which it is desirable to sell for the payment of the debts thereof, are an undivided one-fifth interest in the lands of the estate of Mrs. Mary L. Gayle, deceased, who was the mother of said L. R. Gayle," and particularly described the lands. The decedent died, intestate (so far as the record shows), on the 30th June, 1875, being unmarried, and under the age of twenty-one years; and her surviving brothers and sisters were her heirs at law, and the distributees of her estate. Mrs. Rebecca D. Johnston, the wife of Wm. S. Johnston, one of the sisters, died a short time before the petition was filed; and her surviving husband, William S. Johnston, and the guardian *ad litem* of her infant children, who was also appointed administrator *ad litem* of her estate, appeared and contested the petition. The contestants filed a demurrer to the petition, which was overruled by the court; and they then filed an answer, denying all the allegations of the petition, alleging that "all the debts against said estate are barred by the statute of limitations of three years," and by the statute of limitations of six years, and setting up other defenses. The court sustained a demurrer to the answer, as to these other defenses, which require no notice; but, on the evidence adduced, held that all the debts asserted against the estate were open accounts, and were barred by the statute of limitations of three years, and therefore dismissed the petition, at the costs of the petitioner. The principal debts claimed against the estate were—1st, a demand in favor of the administratrix personally, for $960, on account of personal services rendered for the intestate, in nursing and taking care of her, during the twelve months preceding her death; 2d, a demand in favor of said administratrix personally, for $80, the price paid for a burial casket; 3d, a demand in favor of Dr. B. H. Riggs, for $256, for professional services rendered to the intestate during the last twelve months of her life. Evidence was introduced by the administratrix showing the value of these services, and the repeated declarations by the intestate of her desire that these claims should be paid; and several exceptions were reserved to the rulings of the court in connection with

[Gayle's Adm'r v. Johnston.]

this evidence. The order appointing an administrator *ad litem* for the estate of Mrs. Rebecca D. Johnston, the decree dismissing the petition, and holding that the debts proved against the estate were open accounts, and the several rulings on evidence to which exceptions were reserved, are now assigned as error.

W. R. NELSON, for appellant.

SATTERFIELD & YOUNG, *contra*.

BRICKELL, C. J.—It may be conceded to the appellant, that a plea of the statute of limitations of three years should aver the cause of action is an open account, and, if the averment is omitted, the plea is demurrable. But, in a proceeding of this character, in the Court of Probate, to subject lands devised or descended to the payment of debts, the formal pleadings pertaining to courts of law or equity are not contemplated, nor are they usual or practical. The application of the personal representative is sufficient, if in general terms it avers the existence of debts against the ancestor; no description of the debts, no averment of the persons to whom they are due, or of the time of their creation, or when payable, is necessary. Any such averment would render the application unnecessarily prolix, and would be inconsistent with the simplicity of the proceedings prescribed by the statute. The answer of the heir or devisee is sufficient, if in terms as general it denies the existence of debts, to the payment of which the lands are subject. An issue is thus formed, and the burden of proof is devolved upon the personal representative, the actor in the proceeding, who has knowledge of the debts for the payment of which he seeks a sale of the lands. If the debts proved are open to any legal defense—to any defense which the ancestor could make if living, or which the personal representative could make if the creditors were suing him,—the heir or devisee has the unqualified right to interpose and rely upon it.—*Bond v. Smith,* 2 Ala. 660; *Harwood v. Harper,* 54 Ala. 659; *Teague v. Corbitt,* 57 Ala. 529; *Garrett v. Brewer,* 59 Ala. 513; *Scott v. Ware,* 64 Ala. 174.

The material point of controversy between the parties is, whether the claims proved to exist against the intestate are open accounts within the bar of the statute of limitations of three years. The character or description of account which comes within the meaning of the term *open account*, employed in the statute, has been frequently determined. Whether the account consists of a single or of many items, if the terms of the contract have not been adjusted by the agreement of the parties,

[Gayle's Adm'r v. Johnston.]

the demand is an open account.—*Maury v. Mason*, 8 Port. 211; *Sheppard v. Wilkins*, 18 Ala. 359. The claim of the appellant, for the services rendered to the intestate, falls precisely within the character and description of claims there defined as an open account. The sum to be paid her was not settled between herself and the intestate, and the extent of her right of recovery is the reasonable value of her services, to be ascertained by evidence. The accounts of the physicians stand upon the same footing. There was no stipulation with the intestate as to the sum to be paid them, for the services they rendered. The right of recovery is upon a *quantum meruit*—such compensation as it is shown by evidence the parties rendering the services ought in equity-and good conscience to receive. There is no special contract upon which a recovery can be had. It is against claims not resting in special contract, dependent wholly upon the implication of law from facts proved, the statute is directed. The parties are forewarned, a reasonable time is given for the reduction of the claim to a stated account, or in some other form to a special agreement, withdrawing it from the operation of the statute. The frequent expression by the intestate of her anxiety that these claims should be paid, is insufficient to change their character. There was no recognition or admission of any particular sum as due or owing, and they are in themselves too general and uncertain to be construed into evidence of an account stated, or of the correctness of the claims as now presented.— *Watson v. Byers*, 6 Ala. 393; *Boxley v. Gayle*, 19 Ala. 151. The willingness of any one or more of the heirs that these claims should be paid, is not a fact of importance in this proceeding, directed to a sale of the lands of the intestate, and in which it must be shown there are valid and subsisting debts of her creation, to the payment of which the law subjects them.

The remaining claim is for money paid by the appellant for a burial casket for the intestate. Funeral expenses, says Lord Coke, according to the degree and quality of the deceased, at common law were allowed of the goods of the deceased, before any debt or duty whatever, and his burial was the first duty of an executor. If there was no executor, or if he was unknown, or not at hand, a friend or a stranger may attend to the duty, and bury the deceased in a manner suitable to the estate he leaves behind him; and the necessary expenses must be repaid him by the personal representative, having assets, though he neither ordered, nor had knowledge of the expenditure.—2 Williams Ex'rs, 871. The burial, of necessity, here devolves as a duty upon friends or relatives; for, until fifteen days after death, there can be no administration, or grant of letters testamentary.

17

Priority of payment of funeral expenses, as at common law, the statute secures.—Code of 1876, § 2430. The amount of such expenses, when paid by a friend or relative, is regarded as money paid on request of the personal representative; and the law raises a promise to repay it, so far as he has assets.—*Hapgood v. Houghton*, 10 Pick. 154. Money paid on request is not an open account—the amount which is to be repaid is not dependent on any future liquidation or settlement between the parties, and the claim for it is not within the bar of the statute of limitations of three years.—*Caruthers v. Mardis*, 3 Ala. 599. Six years had not elapsed from the death of the intestate, when this expense was incurred, until the grant of administration to the appellant; and after the grant there was no room for the running of the statute of limitations. The evidence shows satisfactorily a want of personal assets for the payment of debts, and the existence of this debt created the necessity for the sale of the lands, which is contemplated by the statute. We deem it proper to say, in this connection, that there is no evidence in the record tending to show the expenditure was extravagant or unreasonable. The amount of such expenditures should be graduated to the degree and condition in life of the deceased, the value of the estate he may leave, and, when the rights of creditors are involved, the probability of the solvency of the estate ought to be regarded by those who may make them.

The appointment of an administrator *ad litem* for the representation of the estate in this proceeding was unnecessary and unauthorized. Such an appointment is necessary or proper —is contemplated by the statute—only when there is not a legal representative of the estate, or the legal representative has an adverse interest. In cases where there is a full representation of all the rights and interests involved in the estate, by the presence of the parties in whom these reside, there can be neither necessity nor propriety in the intrusion of an administrator *ad litem.*—Code of 1876, § 2625. The personal representative, in a proceeding of this character, whether he be a creditor or not, stands in an adversary relation to the heirs or devisees. The interests in the estate he represents, are the interests of creditors. The heirs or devisees must be before the court in the attitude of defendants, having full opportunity to protect their rights. It is difficult to perceive who an administrator *ad litem* could represent, or what function or duty he could have to perform.

There are other questions presented by the assignment of errors, not of any practical importance, and we do not deem it necessary to consider them.

The decree of the Court of Probate must be reversed, and

[Weis v. Goetter, Weil & Co.]

the cause remanded, for further proceedings in accordance with this opinion.