# Hamby, *et al. v.* Hamby, *et al.*

### *Bill for Partition or Division.*

(Decided Feb. 2, 1910.—51 South. 732.)

1. *Dower; Widow; Heirs.*—A widow of a deceased owner of real estate is not a co-tenant with the heirs of such owner.

2. *Same; Assignment; Duty of Widow.*—A widow need not proceed for the assignment of dower, but may await the action of the heir or personal representative.

3. *Partition; Parties Entitled.*—The heir of a decedent leaving a widow is not entitled to partition against her nor can the heirs have partition pending the paramount right of the widow to quarantine dower or homestead.

4. *Same.*—Statutes for compulsory partition among tenants in common has no application as between the widow and the heirs, since co-tenants in remainder or reversion cannot have partition.

5. *Same; Necessity of Payment of Debts.*—The creditors of a decedent entitled to a present payment of their debts may sell decedent's land subject to the rights of the widow, and the widow may consent to the sale of her rights with the residue so as to invest title completely in the purchaser. (Section 2647, Code 1907.) But the heir may not invoke partition as against the rights of the creditors, acting through the administrator, to have the land sold for the payment of the debt.

[Hamby, et al. v. Hamby, et al.]

6. *Courts; Conflicting Jurisdiction; Administration of Estates; Allottment of Dower or Homestead.*—While the allóttment of homestead and the assignment of dower are steps incident to the administration of the estate in the probate court, a decree of such court allotting homestead, does not oust the chancery court of its jurisdiction to assume the administration of the estate.

7. *Same.*—Where the chancery court assumes jurisdiction of the administration of the estate upon a bill filed for that purpose, all incidental questions must be there settled, and nothing thereafter can be done in the probate court.

8. *Same.*—A bill filed by the heirs for partition among themselves on the theory that an administration of the estate is unnecessary, does not draw to the chancery court jurisdiction to administer the estate, and in the absence of an amendment setting up subsequent proceedings in the probate court undertaking to assume jurisdiction, appoint an administrator and allot homestead exemptions, concluding with a prayer for removal of the administration into the chancery court, the probate court may proceed in due form to the settlement of the estate.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Frank Hamby and others against Mary Hamby and others, for partition of land, or a sale for a division thereof. From a decree holding a plea sufficient, complainants appeal. Affirmed.

S. L. & E. E. Cox, for appellant.—The court erred in holding the plea sufficient. The chancery court had assumed jurisdiction, and it could not be taken away by proceedings in any other court.—*Glenn v. Billingslea,* 64 Ala. 345; *Tygh v. Dolin,* 95 Ala. 269; *Baker v. Mitchell,* 109 Ala. 490; *Bragg v. Beers,* 71 Ala. 151; *Ex parte Lunsford,* 117 Ala. 221; *Sharp v. Sharp,* 76 Ala. 312; *House v. House,* 57 Ala. 262; *Owen v. Slaiter,* 26 Ala. 547; *Erwin v. Armstead,* 46 Ala. 363; *Wood v. Morgan,* 56 Ala. 397; *Brooks v. Woods,* 40 Ala. 538.

CURRY & ROBINSON, and I. R. HINTON, for appellee.—No brief came to the Reporter.

SAYRE, J.—This is a bill for the partition of lands —200 acres—with a prayer in the alternative for a sale

for division in the event a partition cannot be had, and was filed November 21, 1907. The land had been owned and occupied by A. P. Hamby, now deceased, and the parties are his heirs at law and his widow, the last named being made a party defendant to the bill, with the allegation that the interests of both complainants and defendant are subject to her right of dower. The bill has nothing to say in respect to the possession of the lands subsequent to the death of Hamby, nor anything in respect to the widow's claim or possession of homestead. It is alleged that decedent died March 20, 1907, owing no debts, and that there had been no administration of his estate. On November 2, 1908, a pleading was filed by all the defendants, which the parties and the chancellor seem to have concurred in treating as a single plea. In three paragraphs this plea set up in bar of the bill (1) that certain 160 acres of the land had been set apart by the probate court as a homestead exemption to the widow; (2) that the remainder of the tract was subject to the quarrantine and dower rights of the widow; and (3) that the estate of Hamby, deceased, owed debts, for the payment of which there was no personal estate, and that an administrator had been appointed. We take this plea to mean that the probate court had undertaken to assume jurisdiction, and had appointed an administrator, and had allotted homestead exemption, subsequent to the filing of the bill in chancery for partition. The chancellor held the plea to be sufficient, and from this decree, the complainants have appealed.

It is proper to notice some aspects of the bill. The widow is not a co-tenant with the heirs, and they cannot maintain a bill for partition against her. Statutes for compulsory partition among tenants in common are for the purpose of avoiding the mischiefs which may grow out of vicious assertions by co-tenants of their

[Hamby, et al. v. Hamby, et al.]

undoubted right to be in possession of every part of the
lands held in co-tenancy to the harassment of others hav-
ing the same right.—Freeman, Co-Tenancy and Parti-
tion, § 440. To have partition the co-tenants must be
entitled to possession. Co-tenants in remainder or re-
version cannot maintain partitions. Nor can the heirs
have partition pending the paramount right of the
widow to quarantine, dower, or homestead. Nor
it is either the duty or the interest of the widow to pro-
ceed for the assignment of dower. She may await the
action of heirs or personal representatives.—*Callahan
v. Nelson,* 128 Ala. 671, 29 South. 555. But creditors
of the deceased owner, entitled to the present payment
of their debts, may have lands sold subject to the wid-
ow's dower right, and the widow may consent that her
dower interest be sold with the residue of the land, so
as to vest a complete title in the purchaser.—Code, §
2647.

The assignment of dower and the allotment of home-
stead are both steps appropriately incident to the ad-
ministration of the estates of decedents in the probate
court. If, on a bill filed for that purpose, the chancery
court assumes jurisdiction of the administration of an
estate, all incidental questions may and must be there
settled, and nothing can thereafter be done in the pro-
bate court. But a bill for partition among heirs does
not necessarily involve the administration of the estate
of the deceased owner, nor does it necessarily draw to
the chancery court jurisdiction of such administration.
And the bill in the case at hand not only does not seek
to have the estate of the deceased owner administered
in the chancery court, but distinctly proceeds upon the
theory that no administration is necessary. The pro-
bate court acquired jurisdiction of the estate, by appro-
priate proceedings to that end as we must presume, and;
until that jurisdiction was ousted by a decree of the

[Hamby, et al. v. Hamby, et al.]

chancery court assuming jurisdiction, the probate court might proceed in due course to the appointment of an administrator and the settlement of the estate, and the determination of incidental questions, including the assignment of dower and homestead.

The decree of the probate court allotting homestead had no effect to oust the jurisdiction of the chancery court. As against the widow's quarantine, dower, or homestead exemptions, 'and as against the rights of creditors, acting through the administrator, to have the lands sold for the payment of debts, the jurisdiction of the chancery court to award partition among the heirs was defectively invoked in the beginning. The plea setting up facts which destroyed the right of the complainants to have partition presently decreed in the chancery court was properly adjudged to be sufficient.

We may remark that the difficulties which will probably arise out of the present status of this cause may be obviated, and the principle declared in *Baker v. Mitchell*, 109 Ala. 490, 20 South. 40, and *Tygh v. Dolan*, 95 Ala. 269, 10 South. 837, observed, by amendment setting up the proceedings in the probate court, and praying a removal of the administration so begun into the chancery court where all such questions may be settled. Such an amendment will also obviate the plea. Or, in the absence of such an amendment, the plea must be sustained and the administration allowed to proceed in the probate court. If the administration should proceed to a conclusion in that court without a sale of the lands for division partition may then be had of such of the lands as remain after the allotment of homestead and assignment of dower, by an independent proceeding in either court.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.