(127 So. 199)

## MURPHY v. FREEMAN et al.
### 6 Div. 254.

Supreme Court of Alabama.
March 27, 1930.

Foster, Rice & Foster, of Tuscaloosa, for appellees.

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

FOSTER, J.

An appeal was taken by appellees to the circuit court from the probate court where-

in that court denied a petition to remove an administrator. Upon the hearing in the circuit court, the decree was reversed, and the petition granted. The administrator who was thus removed undertook to appeal to this court by giving security for costs, but without the bond mentioned in section 6118, Code. After the submission in this court, appellees presented a motion to dismiss the appeal for want of a bond under section 6118. For the sake of this argument we assume that the Code section just mentioned applies.

After a careful consideration of the question in an early case (Thompson v. Lea, 28 Ala. 453), this court held that a statutory bond is not necessary to confer power upon it to exercise its constitutional function of hearing cases on appeal from the circuit court, and of exercising "a general superintendence and control of inferior jurisdictions." Const. § 140. Such a bond is a creature of the statute, and not essential to jurisdiction of the court over a cause on appeal. It was therefore held that the absence of a bond is an irregularity which the appellee may waive, and does waive if upon notice of the appeal he interposes no objection on account of the irregularity, and permits a submission on its merits. L. & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699. It is also said that a proper certificate of appeal showing that it was taken in due time, and the citation of appeal and its due service, give the Supreme Court jurisdiction to proceed with the case. Section 6078; rule 30 (4 Code 1923, p. 889); Sections 6101, 6111, Code; Lowry v. Hill, 211 Ala. 645, 101 So. 586; Anders Bros. v. Latimer, 198 Ala. 573, 73 So. 925; Robinson v. Murphy, 69 Ala. 543.

Security for the costs was filed within thirty days after the judgment of the circuit court. Section 6116. It recited the fact of taking an appeal, citation was duly issued and served, and the cause submitted here without a motion to dismiss for the failure to execute the bond required by section 6118. It was therefore waived, assuming that section 6118 applies to an appeal from the circuit court. We cannot under such circumstances sustain the motion to dismiss the appeal.

The hearing in the circuit court was on a bill of exceptions taken in the probate court, and it is upon the same bill of exceptions that the case is submitted to this court. McKnight v. Pate, 214 Ala. 163, 106 So. 691. The question here is therefore the same as it was in the probate and the circuit courts and on the same evidence. It is whether the administration of the estate of S. M. Freeman, deceased, was improvidently granted to appellant. There is no conflict in the testimony, and it is a legal question.

Decedent died intestate, and left as his only heir and distributee an adult son, also a widow. His estate consisted of real and personal property. A large part of the real property was mortgaged. The personalty consisted of items which were probably exempt to the widow, together with an interest in a partnership with his son. After his death the widow and son arranged to pay or satisfy all the creditors. They were already secured, and the son with the widow's consent carried on the business of the partnership as surviving partner. This situation continued for about a year with no administration, pursuant to an understanding between them. In the meantime, some person had obtained a judgment against the son, on account of a claim apparently in no way connected with the estate. He procured appellant to apply for letters of administration on the estate of S. M. Freeman. The only interest they had in the estate was this personal judgment against the son and heir of decedent. As soon as they were informed of the issuance of letters, the widow and son moved the probate court to revoke them as being improvident and unnecessary. There was no effort on their part to have letters issued to them or either of them as having a prior right, nor to any one else, but claimed that there is no necessity or occasion for an administration at all. The widow and son having failed for forty days to apply for letters they waived their prior right. Section 5744, Code; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35; McFry v. Casey, 211 Ala. 649, 101 So. 449; Childs v. Davis, 172 Ala. 266, 55 So. 540. So that the court had full power to appoint appellant administrator even though there may be but one heir and distributee and the estate may owe no unsecured debts. Johnson's Adm'r v. Longmire, 39 Ala. 143. In the selection of an administrator, after the prior right has expired, the probate court should use its best judgment and discretion. McFry v. Casey, supra. The fact that appellant was not directly interested in the estate did not at all disqualify him as administrator, if it was necessary or provident to appoint any one. But if there is no necessity for an administration to conserve the rights of those directly interested in the estate, the court will not appoint an administrator at the instance of one whose interest is remote or indirect. The only persons we now think of as being directly interested in an estate are the widow, heirs, and distributees (or their successors in interest), and creditors of the estate. It is often said that the court need not appoint an administrator to distribute an estate when it owes no debts, and it is not necessary to recover assets. The court of chancery has full power to do this without an administration if the parties cannot agree. Glover v. Hill, 85 Ala. 41, 4 So. 613.; Thompson v. Thompson, 107 Ala. 163, 18 So. 247; Teal v. Chancellor, 117 Ala. 612, 23 So. 651; Mobile Temperance Hall Ass'n v. Holmes, 189 Ala. 271, 65 So. 1020; Hale v. Kinnaird, 200

Ala. 596, 76 So. 954; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; 23 C. J. 1002.

■■■ It is otherwise stated in this connection that the court will not appoint an administrator if the estate is free from debt, unless there is some other necessity to administer. This is upon the principle that ordinarily, if the estate owes no debts, there is no necessity for an administration. But if there may be some debts, and the debts are cared for in a manner satisfactory to the creditors, and the widow, heirs, and distributees agree with the creditors and among themselves in respect to the whole matter, so that all persons who are directly interested wish to avoid an administration, such is not necessary. If it is not necessary, it is improvident. Upon facts of that nature being made known in a proper petition, after the issuance of letters, they should be revoked. We find that pursuant to this reasoning it is said that: "Family agreements in the settlement of estates are favorites of the law, and when fairly made, and the rights of creditors (that is of the estate, of course) are not affected, are not usually allowed to be disturbed by the parties, or by any others for them." 11 R. C. L. 29. This was by Justice Cooley in Brown v. Forsche, 43 Mich. 492, 5 N. W. 1011, quoted in Swaine v. Hemphill, 165 Mich. 561, 131 N. W. 68, 40 L. R. A. (N. S.) 201. "Administration is granted on an estate of a decedent because there is some occasion for such grant, and where there is no occasion, no substantial object to be gained by the issue of letters, the grant should be withheld." 3 Schouler on Wills, Executors and Administrators (6th Ed.) § 1402.

"It has been held competent for all the heirs and kindred of a deceased person, if they be of age, to settle and pay the debts of the estate, and divide the remaining property fairly among themselves, without the intervention of an administrator, for in such a case the rights of no one are prejudiced." 3 Schouler, supra, § 1406.

■■■ But appellant claims that he, as the representative of a judgment creditor against one of the heirs, is so interested in the affairs of the estate as that the arrangement between the heirs and creditors, which is satisfactory to all of them, does not relieve the situation of the necessity for an administration, if he wishes to have one in order more effectually to collect his judgment. Our view is that he is not so directly interested as that he has such right contrary to the wishes of those who are thus interested. We find a situation somewhat analogous in determining what persons are so "interested" in a will as that they have the right to contest its probate under section 10625, Code. In the case of Lockard v. Stephenson, 120 Ala. 641, 24 So. 996, 74 Am. St. Rep. 63, the Supreme Court held on conclusive reasoning that a judgment creditor against one who would be an heir of the estate and entitled to inherit without a will could not contest a will which entirely cut off such heir from participating in any respect in the estate. It is said that the creditor of an heir is not a party "interested." The elaborate reasoning by which this result was reached has application for the most part to this case. It has been held that to be interested, a contestant must have some *direct* legal or equitable interest in the decedent's estate, in privity with the decedent, whether as his heir or beneficiary under another will or by purchase or descent from an heir or distributee of decedent. Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, Ann. Cas. 1917C, 903; Allen v. Pugh, 206 Ala. 10, 89 So. 470.

If a judgment creditor with a lien, against an heir, is not so interested as to justify the contest of a will, is he so interested in an estate as to require an administration merely for its distribution, in order to collect his judgment when all the heirs and creditors of the estate do not wish such administration and have agreed not to have one?

We think the circuit court correctly held against appellant on this contention. He must pursue his remedy against the heir through the procedure designed to aid a creditor to secure the collection of his judgment, which is adequate to that end without the expense of an administration of the estate of a decedent in which his interest is remote. To subject to his judgment the interest of the heir in the estate, an administration is not necessary.

We conclude therefore that the judgment of the circuit court should be, and it is, affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.