153 So. 611

## WOMMOCK v. DAVIS et al.
### 6 Div. 531.

Supreme Court of Alabama.
March 22, 1934.

———◇———

J. B. Ivey, of Birmingham, for appellant.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellees.

KNIGHT, Justice.

Suit in detinue, trover, and upon common counts, brought by appellees, as administrators of the estate of J. B. Busby, deceased, against the appellant, the widow of the deceased.

Each of the counts of the complaint was in the form prescribed by the Code, and therefore they were not subject to any grounds of the defendant's demurrer. The appellant can therefore take nothing by her assignments of error predicated upon the supposed insufficiency of the several counts.

It is insisted that the court committed error in sustaining plaintiffs' demurrer to pleas B, C, D, E, and 1, as addressed to count 2 of the complaint, which was for the conversion of certain personal property. Confessedly, there was no error in sustaining the demurrer to plea A, for this plea was not the general issue, as it purported to be, to an action for conversion, and, besides, plea F, the general issue, to count 2—conversion count—was in the case. Likewise pleas B and C were not appropriate to a conversion count.

Pleas D and H were each defective in attempting to set up in bar of the suit expenditures and payments made by the defendant, some of which were unauthorized, and for which she was not entitled to reimbursement from the estate. However, the demurrer directed to these pleas did not, in any of its grounds, point out this defect in the pleas, and the court committed error in sustaining the same. The statute forbids the consideration of any objection to pleading which is not distinctly stated in the demurrer. Code, § 9474; L. & N. R. R. Co. v. Cowley, et al., 164 Ala. 331, 50 So. 1015; Sibley v. Hutchison, 218 Ala. 441, 118 So. 638; Snow v. Cleveland Lumber Co., 224 Ala. 564, 141 So. 243; Buell v. Miller, 224 Ala. 566, 141 So. 223.

Plea E was defective in not averring that the court of probate of Jefferson county acquired jurisdiction of the subject-matter, and also in not setting forth the proceedings and decree to show that the matters and things involved in said count 2 had been adjudicated and settled in favor of the defendant. But the demurrer did not take this point, and the court committed error in sustaining the demurrer as for any grounds assigned therein. However, this ruling involved no injury to the defendant, as the decree of the probate court referred to in said plea was introduced in evidence thereafter by the defendant, and it did not support defendant's said plea. On the contrary, the decree affirmatively shows to the contrary.

Plea 1 presented an immaterial issue as applied to count 2.

On the trial of the cause, numerous exceptions were reserved by the defendant on admission and exclusion of evidence.

The court gave at the written request of the plaintiffs the general affirmative charge under count 1 of the complaint, as to the "property disclaimed." However, the jury disregarded this charge, and also failed to render any verdict for plaintiffs under the detinue count, but did render a verdict for the plaintiffs under some other count of the complaint—the count not being disclosed by the verdict—for the sum of $909.25. Whether this verdict was intended to respond to the conversion count, or to one of the ex contractu counts, the record does not disclose.

The court, on objection of the plaintiffs, refused to permit the defendant to prove that she had, prior to the appointment of the plaintiffs as administrators of her deceased husband's estate, paid out some of the money of the estate, in her hands, in the payment of the funeral expenses and expenses of the last illness of her husband.

We entertain no sort of doubt that the defendant, widow of the deceased, was authorized to expend a reasonable amount of the moneys in her hands in defraying the reasonable burial expenses of her deceased husband, and also in paying the reasonable expenses of his last illness.

It is held in the case of Gayle's Adm'r v. Johnston, 72 Ala. 254, 47 Am. Rep. 405: "If there was no executor, or if he was unknown, or not at hand, a friend or a stranger may attend to the duty, and bury the deceased in a

manner suitable to the estate he leaves behind him; and the necessary expenses must be repaid him by the personal representative, having assets, though he neither ordered, nor had knowledge of the expenditure.—2 Williams Ex'rs, 871. The burial, of necessity, here devolves as a duty upon friends or relatives; for, until fifteen days after death, there can be no administration, or grant of letters testamentary. Priority of payment of funeral expenses, as at common law, the statute secures.—Code of 1876, § 2430. The amount of such expenses, when paid by a friend or relative, is regarded as money paid on request of the personal representative; and the law raises a promise to repay it, so far as he has assets."

To the same effect is the holding of this court in the cases of Sewell v. Sewell, Adm'r, 199 Ala. 242, 74 So. 343, and Phillips v. First National Bank of Bessemer, 208 Ala. 589, 94 So. 801.

The defendant should have been allowed to prove the amount she paid for the burial of her deceased husband, and also the amount expended in defraying the expenses of his "last sickness" in reduction of the claim made against her by the administrators of her husband's estate. In sustaining the objection of the plaintiffs to this proffered evidence, the court committed error. Sewell v. Sewell, supra; Phillips v. First National Bank of Bessemer, supra.

On another trial, the other questions discussed in brief, with reference to the admissibility of certain evidence, will doubtless not arise.

While it may be, as claimed by the defendant, that said G. S. Busby and G. T. Davis, before they were appointed administrators of said estate, misled the defendant to her hurt in paying out funds of the estate, and as to which we express no opinion, such conduct on their part would not preclude them as administrators from proceeding to collect of Mrs. Busby the amount that she confessedly owed the estate. G. S. Busby and G. T. Davis as individuals are quite different persons from G. S. Busby and G. T. Davis as personal representatives of the estate of J. B. Busby. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Knight Electric Co. v. Crump (Ala. Sup.) 152 So. 217.[1] Furthermore, the evidence shows that other persons, including at least one minor, were interested in the collection, preservation, and distribution of said estate.

For the errors pointed out above, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

