184 So. 473

## WILLIAMS v. PRATHER.

### 4 Div. 28.

Supreme Court of Alabama.

Nov. 17, 1938.

J. B. Hicks, of Phenix City, for appellee.

Denson & Denson and L. J. Tyner, all of Opelika, for appellant.

FOSTER, Justice.

This proceeding invokes the benefits of the Act of October 25, 1932 (see page 164). It is intended to afford a more speedy remedy to a landlord to recover possession of his land after expiration of the term of the lease or right of possession by the tenant.

The only question here presented relates to the ruling of the circuit court dismissing an appeal undertaken by defendant to that court after judgment had been rendered against him by the justice of the peace. The question has relation to sections 7 and 8 of that Act, which are as follows:

"Section 7. Any party may appeal from a judgment rendered against him by any

justice of the peace or other like court, to the Circuit Court, at any time within one day after the rendition thereof, and such appeal and the proceedings thereon shall in all respects be governed by the law relating to appeals from justices of the peace.

"Section 8. An appeal does not prevent the issuance of a writ of restitution or possession unless the defendant also executes a supersedeas bond with sufficient sureties, payable to the sheriff, in the sum of twice the yearly value of the rent of the premises, to be ascertained by the justice or like court, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal."

Section 8778, Code, to which section 7, supra, evidently refers, prescribes the terms of the condition of the bond to be given on appeals from judgments of justices of the peace. It is "to pay such judgment as may be rendered against him by the court to which the cause is sought to be removed."

But section 8, supra, provides that such appeal bond shall not prevent the issuance of a writ of possession unless defendant shall execute another bond "payable to the sheriff * * * with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal."

The provisions of sections 7 and 8 are similar in many respects to sections 8021 and 8022, Code, relating to appeals from judgments in forcible entry and unlawful detainer. One difference is that the supersedeas bond under section 8022, Code, must be payable to plaintiff and under section 8 of the Act of 1932, it must be payable to the sheriff. But the conditions in both series of bonds are the same. That is, that the appeal bonds shall be conditioned "to pay such judgment as may be rendered against him" on appeal (section 8778, Code); and the supersedeas bonds shall be conditioned "to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal." Section 8022, Code; section 8, Acts 1932, supra.

▮ It is evident therefore that the Act of 1932 was intended to accomplish the same result as the corresponding Code sections had been held by this Court to accomplish. So interpreted, an appeal was available without a supersedeas bond. Washington v. Spriggs, 213 Ala. 622, 105 So. 811; Wade v. Miller, 104 Ala. 604, 16

So. 517; Wright v. Hurt, 92 Ala. 591, 9 So. 386; Lykes v. Schwarz, 91 Ala. 461, 8 So. 71.

▮ When the appeal bond is given and citation served, jurisdiction of the circuit court attaches, and the suit is due to be tried de novo, though pending such appeal the plaintiff is due to be put in possession, unless the supersedeas bond is given conditioned as indicated. The cases cited so held.

In this case only one bond was given, payable to plaintiff (not to the sheriff) conditioned to prosecute to effect the appeal and to pay plaintiff "the reasonable rental value of said land from year to year and to pay the cost and to abide by the decision of said court." It will be observed that as an appeal bond it is not conditioned to pay such judgment as may be rendered against him. As a supersedeas bond, it is not conditioned to pay plaintiff all such damages as he may sustain by the prosecution of the appeal, and is payable to plaintiff and not to the sheriff, as required by section 8, Act of 1932. So that, in strictness, it may not fully satisfy the requirements for either an appeal or a supersedeas bond. But should the court for that reason have dismissed the appeal without an opportunity afforded him to execute a sufficient appeal bond?

We have been liberal in our holding as to what is sufficient to transfer jurisdiction on an attempted appeal. Ex parte Williams, 226 Ala. 619, 148 So. 323; Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A.L.R. 381; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; South & N. Ala. R. Co. v. Pilgreen, 62 Ala. 305.

▮ Although the condition of the appeal bond in this suit may not be conditioned strictly, as required by law, there is enough to show a substantial effort at compliance, and the appeal should not be dismissed for informality in the terms of its condition, unless appellant fails to execute a sufficient bond after being allowed to do so. Davis v. Calhoun, 24 Ala. 455; McClellan v. Allison, 19 Ala. 671; Carter v. Pickard, 11 Ala. 673; Section 8783, Code; Ex parte Webb, 58 Ala. 109. See, Orr v. Sparkman, 120 Ala. 9, 23 So. 829.

This record does not show that the court gave defendant an opportunity to execute a sufficient bond, or that the dis-

missal was due to a failure to make such a bond after permission was given by the court to do so. While it does not appear that notice of appeal to the circuit court was given, it does appear that the appellee came into court and moved to dismiss the appeal because of the insufficiency of the bond. Moreover, the motion to dismiss the appeal is not predicated upon a failure to give an appeal bond conditioned to pay such judgment as may be rendered by the circuit court, but for the failure to execute a (supersedeas) bond payable to the sheriff, and conditioned "to pay the plaintiff all such damages as she may sustain by the prosecution of said appeal."

It was improper to grant such a motion because a supersedeas bond is not necessary to support the appeal. But there would be no prejudicial error in dismissing the appeal if there was no appeal bond and none given after opportunity to do so.

The judgment is reversed and remanded so that appellant may have reasonable opportunity to give an appeal bond, conditioned in the language of the statute, and also a proper supersedeas bond if he wishes to do so.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.