194 So. 675
**HALL et al. v. PROCTOR et al.**
8 Div. 26.

Supreme Court of Alabama.
March 14, 1940.

212

and Cooper & Cooper, of Huntsville, for appellants.

Lanier, Price & Shaver, Griffin & Ford, W. F. Esslinger, and Francis Esslinger, all of Huntsville, and Roy L. Mitchell, of Tullahoma, Tenn., for appellees.

Brickell & Johnston, of Huntsville, William Russell Wright, of Hartsville, Tenn.,

**BOULDIN, Justice.**

Appeal from decree dismissing bill in equity for want of prosecution. Such decree is reviewable on appeal. Tierce v. Knox, 207 Ala. 121, 92 So. 263; Stuckey v. Murphy, 224 Ala. 8, 138 So. 289.

It appears that pursuant to Code, § 6637, the Circuit Judge had, by order entered on the minutes, designated the first Mondays in March, June, September, and December as the times for equity sessions of the court.

However, a regular session was by special order set for April 3, 1939, and notice thereof duly given to counsel for parties in pending causes. This order was within the authority of the judge, and orders taken after such notice in accordance with other rules of practice were not erroneous because not at a session fixed by general order.

But, on the first day of the session, on oral motion of respondents, reduced to writing at the time, and without further notice to complainants, or their counsel, the cause was then and there dismissed for want of prosecution.

Applying the same rule which would have obtained if the session of the court had been held at a regular time fixed by order under § 6637, this was error.

By Code, § 6638, the docket is not to be called peremptorily on the first day of the session, but for special orders and submissions by consent, or as therein specified.

When a cause comes up on peremptory call, the same may be dismissed for want of prosecution on the court's own motion or on motion of a party.

But notice of holding a regular session is not notice that causes will be called peremptorily on the first day of the session.

Hence, the order of dismissal must stand, if at all, on the motion made by respondents, of which one day's notice in writing was required by Chancery Rule 97.

A motion was made in this court to dismiss the appeal for want of proper security for costs. The security, approved by the register, was signed only by two of appellants. This was not the security required by law.

But appellants, by permission of the court, having filed a good and sufficient security in this court, this ground of the motion is not well taken. Code § 6145; Ex parte Williams, 226 Ala. 619, 148 So. 323; Murphy v. Freeman et al., 220 Ala. 634, 127 So. 199, 70 A.L.R. 381; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

A further ground of the motion to dismiss the appeal is that this is now a moot case, and no relief can be had, if reversed and remanded. This insistence is based on these facts: The bill is to contest a will in equity after due probate in the Probate Court.

By the amended bill complainants claim as heirs and distributees of decedent; but further discloses they are collateral next of kin, viz: One an aunt of the testatrix, the others first and second cousins.

The point is made that in such case, the aunt alone is the next of kin, and the cousins not heirs or distributees under our statutes of descent and distribution.

This is a correct legal proposition. The aunt is nearer of kin than cousins under our statutory rule. Code, § 7368. These cousins cannot take by representation. There is no representation among collateral kin beyond the descendants of brothers and sisters of decedent. Code, § 7367; Danzey v. State, 126 Ala. 15, 28 So. 697.

It further appears that the aunt, one of contestants, died during the pendency of the suit. Her right of contest was personal; it died with her, and was not subject to revivor. No effort was made so to do. Ex parte Liddon, 225 Ala. 683, 145 So. 144; Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470.

But the bill alleges the decedent was a resident of the State of Tennessee at the time of her death. The will purports to dispose of personalty, and also real estate situated in Tennessee. The laws of the State of Tennessee are not disclosed by the record, either the laws of descent and distribution, or the laws touching the probative effect of the record of probate in Alabama.

So, it does not affirmatively appear that these cousins of decedent would not take as heirs, or distributees, or both, if there be no will. We are not dealing with the showing, in pleading and proof, required in the further progress of the cause. We are merely saying, it does not conclusively appear the case has become moot.

The proper parties to the appeal were the parties to the suit in being at the time of the rendition of the decree appealed from. Campbell v. Longworth, 3 Stew. & P. 343.

Lula E. Miller, the aunt, who had died pending the suit, without survival of the cause of action on her behalf, was not a party to the decree. The issuance of notice of appeal to her, not served because of her death, in no way affects the jurisdiction of this court to proceed.

The will bequeathed the residue of the testatrix' estate to a trustee for the use of a named beneficiary during her life.

The record discloses the death of the trustee named in the will, the appointment of a successor who was made a party respondent by amendment; and a further suggestion of the death of this successor, with the name of a further successor in the trust.

It does not appear this second successor was brought in by subpoena, or by appearance.

It seems the bill was dismissed some three days after the suggestion of his appointment. There was no necessity to give him notice of the appeal, and unless he appears, should not be considered a party to the appeal in taxation of costs.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.