199 So. 239

### THOMPSON v. HEITER.

#### I Div. 96.

Supreme Court of Alabama.

Dec. 19, 1940.

Wm. M. Bekurs, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

348

**KNIGHT, Justice.**

Bill by Kate Heiter for sale for division amongst the joint owners or tenants in common of certain described real property in the City and County of Mobile, Alabama.

This is the second appeal in this case, the first appeal being reported Thompson v. Heiter et al., 238 Ala. 549, 192 So. 282.

After the reversal and remandment of the cause, the complainant filed an amended bill of complaint, and to this amended bill, Margaret Thompson demurred, assigning numerous grounds of demurrer, all of which were addressed to the bill as a whole.

■ The bill shows that the property sought to be sold for partition or division cannot be equitably divided or partitioned amongst the tenants in common without a sale thereof. This was an averment of fact and sufficient. Wood v. Barnett, 208 Ala. 295, 94 So. 338; Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723; Smith v. Witcher, 180 Ala. 102, 60 So. 391; Clark et al. v. Whitfield et al., 213 Ala. 441, 105 So. 200.

■ The bill shows the respective interests of the parties in the joint property. The fact that it also presents for adjudication the conflicting claims to the interest of the respondent Margaret Thompson is in no wise objectionable. In fact it was proper, in order that the court might adjust the equities between, and determine all claims of, the several cotenants or claimants, as well as the rights, equities and claims of the encumbrancers. Section 9334 of the Code expressly provides, inter alia, that the court, in such cases, may adjust the equities between and determine all claims of the several cotenants or claimants as well as the equities and claims of the encumbrancers. Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

All the tenants in common, as well as all claimants to, and alleged holders of encumbrances upon the interest of any of the cotenants, are brought before the court in the present bill, that the court may, upon a hearing on the evidence, determine their claims, to the end that the entire title, when the property is sold, shall pass to the purchaser. This procedure was not only unobjectionable, but proper. Thomas et al. v. Skeggs, 218 Ala. 562, 119 So. 610; Leddon et al. v. Strickland et al., 218 Ala. 436, 118 So. 651.

■ Whether the judgments recovered by the respondent J. F. Pate in the Inferior Civil Court of Mobile County, or whether the judgment recovered by the respondent Mike P. McDonald in the Circuit Court of Mobile County for the sum of $575, and cost are valid liens upon the interest of the said respondent Margaret Thompson, one of the cotenants, present but incidental matters to be determined by the court upon a hearing of the evidence. It was proper to bring these questions before the court, in order that the validity of said judgment, as a lien upon the interest of the respondent Margaret Thompson might be determined in advance of any sale. The purpose of the statute was "to

effectuate such result, and in one decree afford complete and adequate relief after the ascertainment of the rights, title, interest, lien, encumbrances, and equities of the several parties in the common property." Code, §§ 9331, 9333, 9334; Sandlin v. Anders, supra; Whitehead v. Boutwell, 218 Ala. 109, 110, 117 So. 623.

It thus appears, therefore, that there was no merit in any of the grounds of demurrer assigned to the bill, and the court properly overruled the same. It follows that the decree of the circuit court must be affirmed. So ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.