48 So.2d 437

**TERRY v. GRESHAM.**

8 Div. 546.

Supreme Court of Alabama.

May 18, 1950.

On the Merits Oct. 26, 1950.

Arthur D. Shores and Peter A. Hall, of Birmingham, for appelant.

350

Harold T. Pounders and Orlan B. Hill, of Florence, for appellee.

FOSTER, Justice.

This cause was submitted on several motions of appellee. Two of them are to the same effect and in substance are that the transcript of the evidence, objections, oral motions and rulings of the court certified by the court reporter, and extending from page 16 to 66, be stricken as a part of the record of the proceedings, for that it is not

a bill of exceptions under sections 783 and 821, Title 7, Code, and because the Act of 1943, page 423, abolishing bills of exceptions in certain courts, section 827(1), Title 7, Code (Pocket Part); Supreme Court Rule 48, Code 1940, Tit. 7 Appendix, has no application to trials in the probate court.

We think the motion is well taken. The certified transcript is not in proper form or content to be a bill of exceptions. The Act of 1943 and Rule 48, supra, abolishing bills of exceptions only apply to circuit courts and courts of like jurisdiction and to all other courts of record having a full time court reporter and from which appeals lie directly to the Court of Appeals or the Supreme Court. We have held that this applies to all circuit courts and courts of like jurisdiction, though they do not have a full time court reporter. Chaney v. City of Birmingham, 246 Ala. 147, 21 So. 2d 263. The plain language is that it does not apply to other courts except those of record which have a full time court reporter and an appeal lies from its judgments to the Supreme Court.

The probate court is a court of record, 21 C.J.S., Courts, § 310, p. 562; section 149, Constitution of 1901, and an appeal lies directly to this Court, section 776, Title 7, Code, but it does not have a full time court reporter. Sections 261 et seq., Title 13, Code.

It is therefore apparent that in that court bills of exceptions have not been abolished and the transcript certified as authorized by the Act of 1943, supra, section 827(1), Title 7, supra, has not been substituted in the probate court for a bill of exceptions. The result is that the motion to strike such transcript should be and it is sustained.

Appellee also moves to dismiss the appeal because the appeal bond is not conditioned "faithfully to discharge his duties as such executor or administrator" until the appeal is decided. The bond is conditioned to "prosecute the said appeal to effect, and satisfy such decree as may be rendered against him in said cause by the Supreme Court."

The appeal is from a decree of the probate court, by which the administration of the estate of the deceased Mollie Terry Glenn, together with the letters of administration theretofore issued to George Terry on said estate, were thereby rescinded, revoked and annulled. The appeal is claimed under authority of section 776(3), Title 7, Code, from a judgment or order removing an executor or administrator, to be taken within five days after such judgment or order. The order of removal was dated January 10, 1950. The appeal bond was approved January 15, 1950. It plainly did not comply with section 779, Title 7, Code, though good as to security for costs.

Appellant's counsel in his oral argument opposing this motion requested that in event we find this appeal not to comply with section 779, supra, we allow him an opportunity to file a bond conditioned as required by that statute.

In the case of Murphy v. Freeman, 220 Ala. 634, 127 So. 199, such an appeal was taken without the bond being conditioned as required by section 6118, Code of 1923, section 779, Title 7, Code. The cause was submitted in this Court without a motion to dismiss the appeal. Appellees made such a motion after the submission of the case, and this Court held that the security for costs conferred jurisdiction to the court and that the motion came too late. There was no occasion therefore to make use of section 806, Title 7, Code. That statute provides that no appeal shall be dismissed for want of sufficient appeal bond if the appellant will give sufficient bond. We assume that this means to apply only when such sufficient bond is either given in the time allowed for taking the appeal or an effort to appeal has been made in that time, which is sufficient to confer jurisdiction on this Court.

When jurisdiction has been thus conferred by executing bond and having it approved, conditioned to pay the costs of such appeal, section 782, Title 7, Code, this Court should allow it to be amended as directed by section 806, supra, even though after the period in which the appeal may

be taken. Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803; Hall v. Proctor, 239 Ala. 211, 194 So. 675; Williams v. Prather, 236 Ala. 652, 184 So. 473.

It is therefore ordered that appellant be allowed six days from this date in which to have approved by the clerk of this Court a bond with two good and sufficient sureties in the penal sum of $2500, payable and conditioned as required by section 779, supra, or approved by the probate judge of Lauderdale County and certified by him to this Court in said period. In event of a failure to comply with this order, as herein directed, this appeal shall stand dismissed.

Motion to expunge is granted. Motion to dismiss the appeal is overruled conditionally.

LAWSON, SIMPSON and STAKELY, JJ., concur.

## On the Merits.

BROWN, Justice.

This appeal is from the decree of the Probate Court of Lauderdale County entered on the 10th day of January, 1950, rescinding, revoking and annulling the pending administration on the estate of Mollie Terry Glenn, deceased, in which the appellant George Terry had been duly and regularly appointed as administrator of the estate, and had entered upon the administration thereof.

The case was submitted on brief on May 25, 1950. In the absence of a bill of exceptions, we are limited to a review of the proceedings of the probate court on the record proper. This record shows that the decedent Mollie Terry Glenn died intestate on April 30, 1949, in Florence, Lauderdale County, Alabama; that she was an inhabitant of said county living in the City of Florence and died seized and possessed of property both real and personal consisting chiefly of a one-third undivided interest in real estate with annual rental value of $412, all of said personal property and real estate being estimated to be worth $2500 and probably not more. The appellant George

Terry, a brother of said decedent, a resident of Florence, Alabama, over the age of 21 years, filed his petition for appointment as administrator, after the lapse of more than forty days from the date of the death of decedent, verified by oath, giving the names and residences, ages and condition of the heirs and the condition of said estate, "so far as your petitioner knows and believes are as follows: to wit: Frances Gresham, granddaughter, over 21, Lauderdale County, Alabama. Roscoe Terry, brother, over 21, Bitely, Michigan. George Terry, brother, over 21, Florence, Alabama."

Upon the filing of said petition letters of administration were duly granted and issued to said petitioner upon giving bond in the sum of $2500, which was duly approved by the probate judge. He thereupon entered upon the administration of said estate by filing claim as required by statute against estate of said Mollie Terry Glenn with the judge of probate. Code of 1940, Title 61, §§ 210, 214. The claims so filed are for "Funeral Expenses—$322.75, Expense of last illness—$138.00, Care and Upkeep—$3500.00, Payment of Note of decedent—$266.66, Total $4227.41." Said claims were marked "Filed in office this 30 day of Dec. 1949, Herman K. Longshore, Judge of Probate."

The administration proceedings up to this point are in all things regular, showing *prima facie* that there were claims against the estate which must be presented and filed in the administration proceedings, some of which do not grow out of or arise from the relation of the parties as tenants in common, and the statute requires that such claims, in order to prevent the bar of the statute of limitations, must be filed in the administration proceedings. Code of 1940, Title 61, §§ 210, 214. The claim for money expended for burial expenses is a preferred claim against the estate and as held by this court "is regarded as money paid on request of the personal representative; and the law raises a promise to repay it, so far as he has assets." Gayle's Adm'r v. Johnston, 72 Ala. 254, 257; Page v. Skinner, 220 Ala. 302, 125 So. 36; Wommock v. Davis, 228 Ala. 362, 153 So. 611.

We quote from the opinion of the court in Gayle's Adm'r v. Johnston, supra: "The burial, of necessity, here devolves as a duty upon friends or relatives; for, until fifteen days after death, there can be no administration, or grant of letters testamentary. Priority of payment of funeral expenses, as at common law, the statute secures. Code of 1876, § 2430. The amount of such expenses, when paid by a friend or relative, is regarded as money paid on request of the personal representative; and the law raises a promise to repay it, so far as he has assets. Hapgood v. Houghton, 10 Pick., Mass., 154."

To prevent the bar of the statute, there must be an administration and such claims must be filed within six months or they are barred by the statute. Code of 1940, Tit. 61, §§ 210, 214. The same thing may be said of some of the other claims filed such as the payment of a debt evidenced by note of the decedent. These claims do not arise out of the relation of joint ownership and they stand on the same basis as any other outside claim against said estate. The only claims which the statute exempts from being filed are "claims of executors or administrators to compensation (compensate) for their services as such," and such sums properly disbursed by them in the course of the administration. Foster v. Foster, 219 Ala. 70, 121 So. 80.

The question therefore presented by the appeal is whether or not the probate court created by law as a court in which estates may be administered, may "shuck" its jurisdiction, which has been duly invoked and assumed, by rescinding, revoking and annulling its previous exercise of jurisdiction in setting up the administration in due course and in strict conformity with the course of the common law and the statutes, Code of 1940, Tit. 61, §§ 80, 81, 83 and 96, merely because an heir at law has previously filed a bill against some of the joint owners or tenants in common for a sale of the lands for division on the ground that the same cannot be equitably divided among the joint owners without a sale and for an accounting? It clearly appears from the face of the court's decree that *this was the only ground on which the court proceeded.* We quote from the decree.

"This being the day heretofore appointed by the Court for the hearing of the motion heretofore filed by Frances Gresham *seeking to cancel and annul the administration heretofore granted by this Court* on the 15th day of September, 1949, on the estate of Mollie Terry Glenn, deceased, and it appearing to the Court that due notice of the time and place set for said hearing, together with a copy of said motion was served upon George Terry, the person to whom letters of Administration on said estate were issued, and upon Arthur Shores, his attorney of record, as shown by the record of said administration, and the movant being present in court in her own proper person, and also by her attorneys, and the said administrator, George Terry, being present in Court in his own proper person, and also by his attorneys, the Court proceeds to hear the evidence. * * *

"And the Court having heard and considered the evidence finds that at the time said letters of administration were issued, and at the time of this hearing, there was no necessity for an administration on the estate of said decedent, and that *there are no debts against said estate, except such debts or equities as may exist between Roscoe Terry, George Terry, and Frances Gresham,* and *that letters of administration on said estate were improvidently granted because all the equities between said tenants in common can be adjudicated in the suit* now pending, and which was pending, in the Circuit Court in Equity of Lauderdale County, Alabama, at the time the administration on the estate of said decedent was granted.

"It is therefore ordered, adjudged and decreed by the Court that the administration now pending in the Probate Court of Lauderdale County, Alabama, on the estate of Mollie Terry Glenn, deceased together with the letters of administration heretofore issued to George Terry on said estate, be and the same hereby *are rescinded, revoked, and annulled.*

"It is further ordered that the said George Terry, as Administrator of the es-

tate of Mollie Terry Glenn, deceased, be and he is hereby required to file his accounts, vouchers, and make final settlement of said estate within thirty days as required by law, and that notice of such final settlement be published as required by law. It is further ordered, adjudged and decreed that a copy of this decree be served upon Bessie Foster and Eddie Grimes, the sureties on the administrator's bond.

"It is further ordered, that George Terry, individually, pay the cost of this proceeding, for which let execution issue."

The legal effect of the decree is that the court, proceeding contrary to the law of the land, attempts to abdicate its powers in disregard of the policy of the law which creates it and in denial of the rights of the interested parties to a due administration of the estate; removes and revokes the appointment of the duly appointed administrator of the estate on grounds not enumerated in the statute which, so far as the probate court is concerned, are exclusive of all other causes. Code of 1940, Tit. 61, § 178; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35, 36. In the last cited case Justice Gardner, writing for the court, observed:

"The case of Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L.R.A. 154, 74 Am.St.Rep. 17, dealt with the question of selection and appointment of administrators, and is of interest in this connection. The case of McFry v. Casey, 211 Ala. 649, 101 So. 449, cited by counsel for appellant, involved a protest of an appointment of an administrator and is without influence upon this appeal, so far as the court of probate is concerned, the grounds for removal specified in the statute (section 5789, Code of 1923) are held to be exclusive (Crommenlin v. Raoull, 169 Ala. 413, 53 So. 745; Bell v. Fulgham, 202 Ala. 217, 80 So. 39). See, also, note to Pfefferle v. Herr, 138 Am.St. Rep. 527, 537; 23 C.J. 1117; 11 R.C.L. 96. We find it unnecessary, as did the court in Randle v. Carter [62 Ala. 95] supra, to determine whether the equity court may remove an administrator for cause other than there specified in the statute.

"The matter of conflict of interest is not one of the grounds so specified, and was held insufficient for removal in a court of equity in Randle v. Carter, supra. Any anticipated difficulty of settlement of the estate is answered by the provisions of section 6057, Code of 1923, for the appointment of an administrator and letters in connection with section 6061, Code, providing for the character of decree to be rendered in such contingency. We do not construe section 6476 of the Code as intended to affect the substantive law as established by statute and decision. Dent v. Foy, 206 Ala. 454, 90 So. 317."

The probate court had no authority to transfer the administration of the estate to the circuit court in equity nor confer jurisdiction on said court to settle matters pending in the probate court. Hamby v. Hamby, 165 Ala. 171, 51 So. 732, 138 Am. St.Rep. 23. Such removal could only be affected by a decree of the equity court made under the provisions of the statute authorizing the transfer of administration of estate to such court. Title 13, § 139, Code of 1940; Hamby v. Hamby, supra.

The probate court after quashing and annulling all proceedings was without authority to retain the matter in the probate court to compel the appellant to make final settlement of said administration, there being no such administration after such quashing and vacating order was entered. We are therefore of opinion that the probate court erred in entering the decree from which this appeal is prosecuted, and the same is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAKELY, J., concurs in the opinion and judgment.

LAWSON and LIVINGSTON, JJ., concur in the judgment and the result.

FOSTER and SIMPSON, JJ., dissent.

SIMPSON, Justice.

I dissent.

No law is declared or established, since only two agree with the opinion, the other two limiting agreement to the result, namely, reversing the trial court. I don't think the law should operate to bring about that result, since there is no certainty as to the law governing.

It will be my endeavor to rationalize a proper decision of the case, with certain well-established legal guideposts to set direction.

This is not a case where a court, having taken jurisdiction of a matter, tries to abdicate its powers in favor of another court. It is a case to revoke and annul letters of administration previously issued because, after due hearing, the court has become convinced that an administration on the estate is not necessary and that letters were improvidently issued. It is universally held that, irrespective of statute, the court issuing such letters has inherent power to revoke them under such circumstances. Murphy v. Freeman, 220 Ala. 634, 637, 127 So. 199, 70 A.L.R. 381; 33 C.J.S., Executors and Administrators, § 84, p. 1018; Starlin v. Love, 237 Ala. 38, 185 So. 380; Curtis v. Williams, 33 Ala. 570.

In line with this principle it has been consistently held that where the estate owed no debts, or, owing debts, satisfactory arrangement for taking care of them has been made between the creditors and heirs, and no other sufficient cause is made to appear for administering, an administration on the estate is not necessary and if, under such circumstances, letters have been issued, the issuing court will revoke them as improvidently granted. Murphy v. Freeman, supra.

The principle is here governing. The probate court in such matter is a court of general jurisdiction, Code 1940, Title 13, § 278, and being so, and the transcript of the evidence taken at the hearing having been here stricken, any state of facts not contradicted by the record itself must be presumed in order to sustain the finding below.

Therefore, when the court found as a fact that the only debts and equities were those existing between the co-tenants in the partition suit (wherein other relief was also asked) already pending in equity when the letters were granted, and that an administration was unnecessary, resulting in the conclusion that the letters had been improvidently issued, this should be the end of the law in the case. We do not know what evidence induced that finding by the court, but we should not assume a state of facts to contradict it. The mere recording of the claims of George Terry, who procured letters of administration to be issued to himself, cannot serve to contradict the finding of the court. From aught appearing, after a full consideration of the evidence, the court might have become convinced—probably was—that such claims were spurious and that the sole purpose of George Terry in procuring letters to be issued to himself was to retain control of the estate against the lawful heir (to prevent which was one of the purposes of the equity suit she filed) and to load the estate with expenses of administration, such as his commissions, attorney's fees, etc. Such an interpretation of the decree is not unwarranted by the record. Being so, the decree revoking the letters should be affirmed.

That the equities between the coparceners in the partition suit (where an accounting was prayed by Gresham against the Terrys) can be fully adjudicated and protected is not doubted. Code 1940, Title 47, §§ 186, 189; Thompson v. Heiter, 240 Ala. 347, 199 So. 239; Refuss v. McAndrew, 250 Ala. 55, 33 So.2d 16; Barker v. Barker, 249 Ala. 322, 31 So.2d 357; Hale v. Kinnaird, 200 Ala. 596, 76 So. 954.

FOSTER, J., concurs.