I concur in the result reached by the majority. However, I must respectfully dissent from the interpretation of the statutes concerning removal of adoption proceedings from probate court to juvenile court.
The majority said that removal of an adoption filed in probate court to juvenile court under § 12-12-35 upon motion of a party is not mandatory. In other words, probate court may refuse to transfer and juvenile court may refuse to accept. In my humble opinion such holding effectively destroys the statute. It is my opinion that § 12-12-35, which is found in the Code under the section titled "District Courts," provides the right to have transfer from probate to district court of an adoption case upon motion of a party thereto. It is further my opinion that the motion is to be filed in district court, not probate court, and the order of transfer issue from district court. It appears obvious that such a case may not be forced upon district court by an order of the probate court.
There is a direct corollary between § 12-12-35 and §12-11-41, which provides for transfer of the administration of an estate from probate court to circuit court. These two statutes are the only ones that I know of that operate to oust one jurisdiction in favor of another in such manner. Each statute ousts the jurisdiction of a primary court in favor of a secondary one. In each statute the authority for transfer is codified under the power of the secondary or transferee court. The words of the authority are strikingly similar. In §12-12-35 the words are, "may be transferred to the district court upon motion of a party to the proceeding in probate court." In § 12-11-41 the pertinent words are, "may be removed from the probate court to the circuit court . . . upon the filing of a sworn petition reciting that the petitioner is such heir. . . ." Cases considering § 12-11-41 have declared that the statute provides a right of transfer or removal. Ex partePettus, 245 Ala. 349, 17 So.2d 409 (1944); Hall v. Proctor,239 Ala. 211, 194 So. 675 (1940). I perceive no other reasonable construction of § 12-12-35.
It appears that the legislature intended that in cases where the district court, because of a prior relationship with the child, or perhaps because of better training or experience of the judge or for some other reason, was better qualified to determine *Page 329 
the best interest of the child, transfer could be made upon motion to the district court.
It is for these reasons I submit that the majority is in error in declaring that the probate court had discretionary authority not to transfer the case to district court. It is not necessary to the decision to say it. I would hold that the writ should be denied because the motion to transfer was not filed in the proper court.